RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9 / / 05
BY Dm

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                          CRIMINAL NO. 02-50073-01
                                                       JUDGE TOM STAGG

JOSEPH COLEMAN

## MEMORANDUM RULING

Before the court is Joseph Coleman's ("Coleman") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 47. Based on the following, Coleman's motion is **DENIED.**

## I. BACKGROUND

**A. Factual Background.**

On May 24, 2002, Coleman was stopped for speeding by Officer Jeremy Kennedy ("Officer Kennedy") of the Bossier City Police Department. The car being driven by Coleman at the time belonged to his girlfriend. Asperran House ("House") was the only passenger in the car at the time.

During the stop Officer Kennedy discovered that there were outstanding arrest warrants for Coleman and subsequently handcuffed him and placed him in the police

car. Officer Kennedy testified at trial that he asked Coleman several times whether there were any weapons in the vehicle and that Coleman replied that there were not. See Record Document 42, Trial Transcript at 18. However, Officer Kennedy testified that right before he was placed in the police car, Coleman stated that there were in fact guns in the vehicle. See id. at 19. At that time Officer Booker searched the vehicle and found two handguns. Officer Booker testified that he found one of the guns tucked next to the console on the driver's side of the vehicle and the other was tucked next to the console on the passenger's side. See id. at 40-41. He stated that the gun would have been close enough to touch the leg of whoever was in the driver's seat. See id. at 41.

At the time of the stop House informed Officer Booker that the guns did not belong to him. See id. at 27. However, at trial, House testified that the two guns did belong to him. See id. at 56. He stated that the guns were in his waistband until he heard the officer ask Coleman for permission to search the car, at which time he moved the guns to the console. See id. at 58, 62-63. House testified that while he originally told the officers that he knew nothing about the guns, he admitted that the guns were his once they arrived at the station. See id. at 64. The officers, however, testified that House never informed them that the guns were his. See id. at 96, 99.

2

House prepared an affidavit, dated June 13, 2002, stating that the guns belonged to him. See id. at 66. However, when he was interviewed by A.T.F. agents he signed a new affidavit stating that one of the guns was already in the car when Coleman picked him up, and that the other was his. See id. at 70. Finally, House signed a third affidavit stating that he had lied to the A.T.F. agents, and that both guns did in fact belong to him. See id. at 72.

**B. Procedural History.**

Coleman was charged, via a one count indictment, with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (2). See Record Document 1. On January 14, 2003, the jury found Coleman guilty of the crime as charged in the indictment. On April 30, 2003, Coleman was sentenced to a term of forty-one months of imprisonment, to be followed by a three year period of supervised release. See Record Document 37.

Coleman filed an appeal with the United States Court of Appeals for the Fifth Circuit; however, the court affirmed Coleman's conviction and sentence on December 17, 2003. See Record Document 44. Coleman subsequently filed a petition for writ of certiorari, which was denied on April 5, 2004. See Record Document 45.

## II. LAW AND ANALYSIS

The government argues that none of Coleman's section 2255 claims can be presently considered. "Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Coleman "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted). To establish "cause," Coleman must show some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, Coleman must demonstrate substantial prejudice, such that the integrity of the entire proceeding is infected. See Shaid, 937 F.2d at 233. Further, Coleman may not raise any non-constitutional

4

errors in his section 2255 motion unless he establishes that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Shaid, 937 F.2d at 232 (citation omitted). Coleman has neglected to make such a showing.

**A.   Sentencing.**

Coleman urges that his criminal history was incorrectly computed, thereby making it "illegal". See Record Document 47. More specifically he argues that he was arrested for the offense at issue on May 24, 2002, and had been released for his previous criminal conviction on November 15, 1999, over two years earlier. See Record Document 47. As such, he contends that the one point increase under section 4A1.1(E) of the sentencing guidelines, for committing an offense less than two years after the release from imprisonment, does not apply. See Record Document 47. While Coleman is likely correct in his assertion that section 4A1.1(E) was mistakenly applied in this instance, this possible error did not affect his sentence. Even without this one point increase, Coleman had a total of five Criminal History points, leaving him in Criminal History Category III. The suggested range of imprisonment would still have been between forty-one and fifty-one months. Coleman was sentenced to forty-one months, the lowest possible term

5

of imprisonment within this range. The allegedly erroneous application of section 4A1.1(e) had no impact upon his sentence and resulted in no prejudice to Coleman. Accordingly, Coleman's claim that his sentence was illegal must fail.

B.  **Miscellaneous Claims.**

Coleman also alleges that House's statements to the A.T.F. agents were coerced, that Officer Kennedy's testimony at trial that Coleman stated the guns belong to him was hearsay and never corroborated, and that the voice heard on the video from the arrest, stating that there were guns in the car, was not his voice but House's. However, these alleged errors are not constitutional in nature and therefore Coleman must establish that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Shaid, 937 F.2d at 232 (citation omitted). No where in his motion does Coleman contend that these three issues could not have been raised on direct appeal. Moreover, he has not established that the alleged errors would result in a complete miscarriage of justice, as he has failed to prove his actual innocence. See Flores, 981 F.2d at 236 (stating that without a colorable showing of factual innocence, a defendant fails to show a fundamental miscarriage of justice).

While Coleman does contend that both guns belonged to House, and that he had no knowledge that House was in possession of them, there is ample evidence to the contrary. Coleman has simply not set forth sufficient proof of his factual innocence; accordingly, his claims must fail.

## III. CONCLUSION

Coleman's claims of hearsay, coerced testimony, and errors in his sentencing are without merit. Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 47) is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 29th day of August, 2005.

JUDGE TOM STAGG